## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## JASPER DIVISION

| | | |
|---|---|---|
| **TERESA DEAN HENRY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO.** |
| | ) | **6:13-cv-1812-AKK** |
| **CAROLYN W. COLVIN,** | ) | |
| **Acting Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>MEMORANDUM OPINION</u>

Plaintiff Teresa Dean Henry ("Henry") brings this action pursuant to Section 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking review of the final adverse decision of the Commissioner of the Social Security Administration ("SSA"). This court finds that the Administrative Law Judge's ("ALJ") decision - which has become the decision of the Commissioner - is supported by substantial evidence. Therefore, for the reasons elaborated herein, the court will affirm the decision denying benefits.

## I. Procedural History

Henry, whose past relevant experience includes work as a cashier and security guard, filed an application for Title II disability insurance benefits and Title XVI Supplemental Security Income on January 4, 2010, alleging a disability onset date of August 1, 2009, due to back pain, arthritis, ADHD, depression, and diabetes. (R. 22,

32, 244).  After the SSA denied Henry's claim, she requested a hearing before an ALJ. (R. 152-53).  The ALJ subsequently denied Henry's claim, (R. 19-32), which became the final decision of the Commissioner when the Appeals Council refused to grant review.  (R. 1-6).  Henry then filed this action for judicial review pursuant to § 205(g) of the Act, 42 U.S.C. § 405(g).  Doc. 1.

## II.  Standard of Review

The only issues before this court are whether the record contains substantial evidence to sustain the ALJ's decision, *see* 42 U.S.C. § 405(g); *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982), and whether the ALJ applied the correct legal standards.  *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).  Title 42 U.S.C. § 405(g) mandates that the Commissioner's "factual findings are conclusive if supported by 'substantial evidence.'" *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990).  The district court may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner; instead, it must review the final decision as a whole and determine if the decision is "reasonable and supported by substantial evidence."  *See id*. (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).  Substantial evidence falls somewhere between a scintilla and a preponderance of evidence; "[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Martin*, 849 F.2d at 1529 (quoting *Bloodsworth*, 703 F.2d at 1239) (other

citations omitted).  If supported by substantial evidence, the court must affirm the Commissioner's factual findings even if the preponderance of the evidence is against the Commissioner's findings.  *See Martin*, 894 F.2d at 1529.  While the court acknowledges that judicial review of the ALJ's findings is limited in scope, it notes that the review "does not yield automatic affirmance."  *Lamb*, 847 F.2d at 701.

### III.  Statutory and Regulatory Framework

To qualify for disability benefits, a claimant must show "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairments which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(i).  A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Determination of disability under the Act requires a five step analysis.  20 C.F.R. §§  404.1520(a)-(g), 416.920(a)-(g).  Specifically, the Commissioner must determine in sequence:

    (1)    whether the claimant is currently unemployed;

    (2)    whether the claimant has a severe impairment;

    (3)    whether the impairment meets or equals one listed by the Secretary;

(4)     whether the claimant is unable to perform his or her past work; and

(5)     whether the claimant is unable to perform any work in the national economy.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).  "An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability.  A negative answer to any question, other than step three, leads to a determination of 'not disabled.'" *Id.* at 1030 (citing 20 C.F.R. § 416.920(a)-(f)).  "Once a finding is made that a claimant cannot return to prior work the burden shifts to the Secretary to show other work the claimant can do."  *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995) (citation omitted).

## IV.  The ALJ's Decision

In performing the five step analysis, the ALJ found that Henry had not engaged in substantial gainful activity since August 1, 2009, and, therefore, met Step One.  (R. 25).  Next, the ALJ found that Henry satisfied Step Two because she suffered from the severe impairments of "spinal arthritis, obesity, depressive disorder, anxiety disorder, and polysubstance abuse."  *Id*.  The ALJ then found at Step Three that Henry's "impairments, including the substance use disorders," met sections 12.04 and 12.06 of the listed impairments.  *Id.*  However, because Henry cannot be found disabled if alcoholism or drug addiction is a "contributing factor material to the [ALJ's] determination that [Henry] is disabled,"  42 U.S.C. § 423(d)(2)(C), the ALJ decided next which physical and mental limitations "would remain if [Henry] stopped using

4

drugs or alcohol." 20 C.F.R. § 404.1535(b)(2).  Under the regulations, if the remaining

impairments would not be disabling, substance abuse is a contributing factor material to

the determination of disability.  20 C.F.R. § 404.1535(b)(2)(i).  In conducting this

analysis, the ALJ returned to Step Two and found that Henry would continue to have a

severe impairment even if she "stopped the substance use."  (R. 27).  The ALJ next

found that if Henry "stopped the substance use, [she] would not have an impairment or

combination of impairments that meets or medically equals" one of the listed

impairments.  *Id.*

Although in the absence of substance abuse the ALJ answered Step Three in the

negative, consistent with the law, *see McDaniel*, 800 F.2d at 1030, the ALJ proceeded

to Step Four where he found that if

> [Henry] stopped the substance use, [Henry] would have the residual
> functional capacity to perform light work as defined in 20 CFR
> 404.1567(b) and 416.967(b) except that she could only occasionally climb
> stairs, kneel, crouch, or crawl; would be prohibited from exposure to
> concentrated pulmonary irritants.  She would be limited to occasional
> contact with the general public and co-workers.

(R. 28).  In light of her RFC, the ALJ held that Henry "is unable to perform any past

relevant work."  (R. 22).  Lastly, in Step Five, the ALJ considered Henry's age,

education, work experience,[1] and RFC, and determined  that if Henry "stopped the

substance use . . . there would be a significant number of jobs in the national economy

---

[1]  As of the date of the ALJ's decision, Henry was 46 years old, had a high
school education, and past relevant light unskilled work as a cashier and security guard.
(R. 32).

[Henry] could perform." (R. 32-33). Therefore, the ALJ found that Henry's "substance use disorder is a contributing factor material to the determination of disability because the claimant would not be disabled if she stopped the substance use," and accordingly, that Henry "has not been disabled within the meaning of the Social Security Act at any time from the alleged onset date through the date of this decision." (R. 33).

## V. Analysis

The court now turns to Henry's contentions that the ALJ erred by (1) rejecting the opinions of Dr. Jon Rogers, Ph.D., a consultative examiner; and (2) finding that Henry's substance abuse is a factor material to the determination of disability. *See* doc. 10 at 5-9. The court addresses each contention in turn.

### A.   Dr. Rogers' Opinions

Henry's first contention is that the ALJ erred by giving little weight to the opinions of Dr. Rogers, who evaluated Henry at the behest of her attorney. According to Henry, Dr. Rogers' opinion that Henry has a GAF score of 48,[2] and marked difficulties in several areas – including maintaining social functioning, concentration, and responding to customary work pressures – renders her disabled. Doc. 10 at 5-8. More specifically, Henry contends that the ALJ should have credited Dr. Rogers'

---

[2]  The Global Assessment of Functioning (GAF) Scale is used to report an individual's overall level of functioning. *Diagnostic and Statistical Manual of Mental Disorders* 32 (4th ed., Text Revision) ("DSM-IV-TR"). A GAF of 41-50 indicates: "**Serious symptoms** (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) **or any serious impairment in social, occupational, or school functioning** (e.g., no friends, unable to keep a job)." DSM-IV-TR at 34 (emphasis in original).

opinion that these restrictions would apply even without consideration of Henry's substance abuse. Doc. 10 at 7.

As a nontreating psychologist, Dr. Rogers' opinions are not entitled to controlling weight under 20 C.F.R. § 404.1527(c)(2). Consequently, the ALJ had to consider several factors to determine the weight, if any, to give Dr. Rogers' opinions. One of these factors is whether Dr. Rogers' opinion is consistent with the record as a whole. *See* 20 C.F.R. § 416.1527(c). Moreover, the ALJ "may reject the opinion of any physician when the evidence supports a contrary conclusion." *Bloodworth v. Heckler*, 703 F.2d 1233, 1240 (11th Cir. 1983). Indeed, even a treating physician's opinions, which are entitled to more deference than those of Dr. Rogers, may be rejected if the ALJ has "good cause." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). Here, the ALJ gave Dr. Rogers' opinions little weight, and explained that Dr. Rogers "failed to consider [Henry's] admittedly ongoing alcohol abuse and opined [Henry's] substance addiction disorder was in remission despite obvious evidence to the contrary as well as a lack of recent substance abuse treatment." (R. 31). Unfortunately for Henry, there is ample evidence to support the ALJ's finding that Henry's substance abuse was not in remission when she was seen by Dr. Rogers. This evidence includes Henry's admission to Dr. Rogers on September 7, 2011, that her "last drinking occasion was in September, 2011, when she drank a pint." (R. 603). This means Henry's last drinking episode occurred during the week prior to Dr. Rogers' examination, which

belies Dr. Rogers' opinion that her substance abuse was in remission.  Henry also

reported to Dr. Rogers that she last smoked marijuana and used opiates in August 2011.

*Id.*  Moreover, Henry presented at the emergency room on July 10, 2011, "under the

influence of alcohol," and was diagnosed with "alcohol abuse."  (R. 560).  This

abundant evidence of ongoing substance abuse just prior to Dr. Rogers' examination

provides substantial evidence to support the ALJ's decision to reject Dr. Rogers'

opinion that Henry's restrictions would exist in the absence of substance abuse.

Accordingly, the ALJ committed no reversible error by rejecting Dr. Rogers' opinions.

    B.    <u>The ALJ's Finding that Henry's Substance Abuse is a Factor
Material to Henry's Disability</u>

Henry next contends that the ALJ erred in considering her substance abuse

because "her main impairment is major depressive disorder."  Doc. 10 at 8.

Unfortunately for Henry, the applicable law does not require substance abuse to be

Henry's primary or main impairment.  Significantly, the pertinent regulations instruct

that when, as here, there is "medical evidence of . . . drug addiction or alcoholism," the

ALJ  "must determine whether [the claimant's] drug addiction or alcoholism is a

*contributing factor* material to the determination of disability."  20 C.F.R. §

404.1535(a) (emphasis added).   In short, the regulations do not require substance abuse

to be Henry's main impairment so long as it is a contributing factor to her disability.

This was precisely the case here.

A review of the record reveals that the ALJ considered Henry's substance abuse in accordance with the applicable regulations, which provide that the "key factor" is whether Henry would still be found disabled "if [she] stopped using drugs or alcohol." 20 C.F.R. § 404.1535(b).  Consequently, the regulations required the ALJ to decide which physical and mental limitations "would remain if [Henry] stopped using drugs or alcohol and then determine whether [those] remaining limitations would be disabling." 20 C.F.R. § 404.1535(b)(2).  After considering the evidence, the ALJ found that if Henry "stopped the substance use . . . there would be a significant number of jobs in the national economy [Henry] could perform."  (R. 32-33).  Henry contends the ALJ erred in making this determination because "there are no indications of ongoing substance abuse since Dr. Rogers' report with the exception of two relapses reported by [Henry] herself."  Doc. 10 at 8.  These two lapses were reported in December 2011, when Henry admitted to two episodes of alcohol usage in the past month.  (R. 635).  However, contrary to Henry's suggestion, these two lapses are further evidence supporting the ALJ's finding that Henry's substance abuse was not in remission.  Indeed, when these lapses are considered with the evidence of substance abuse in July, August and September 2011, *see supra* Part V.A., it is obvious that substantial evidence supports the ALJ's finding that Henry's substance abuse was ongoing and not in remission. Moreover, the ALJ afforded great weight to the testimony of Dr. James Anderson, a

medical expert, who opined after reviewing the medical evidence that Henry's "polysubstance abuse is severe and ongoing." (R. 26, 126).

Ultimately, consistent with the regulations, the ALJ determined that if Henry stopped using drugs and alcohol, her remaining impairments would not be disabling. More significantly, Henry bears the burden of proving that her substance abuse is not a contributing factor material to her disability. *See Doughty v. Apfel*, 245 F.3d 1274, 1280 (11th Cir. 2001). Henry failed to meet her burden. Because there is substantial evidence in the record to support the ALJ's finding, no basis exists to reverse the ALJ.

## VI.  Conclusion

Based on the foregoing, the court concludes that the ALJ's determination that Henry is not disabled is supported by substantial evidence, and that the ALJ applied proper legal standards in reaching this determination. Therefore, the Commissioner's final decision is **AFFIRMED**. A separate order in accordance with the memorandum of decision will be entered.

**DONE** this 29th Day of September, 2014.

**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE